NUMBER 13-06-00436-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


GORDON KIRK KEMPPAINEN, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court of Aransas County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Garza and Benavides


Memorandum Opinion by Chief Justice Valdez




 In 2006, an Aransas County jury found Gordon Kirk Kemppainen, appellant, guilty
of driving while intoxicated. See Tex. Penal Code Ann. § 49.04 (Vernon 2003), § 49.09
(Vernon Supp. 2007). (1) Appellant waived his right to have the jury access punishment, and
the trial court sentenced appellant to ten years in prison and assessed a fine of $2,000. 
Appellant, proceeding pro se, raises three issues on appeal. He contends that: (1) he was
afforded ineffective assistance by counsel; (2) the State engaged in "prosecutorial
misconduct;" and (3) this State's enhancement scheme is unconstitutional. We affirm.

I. Background

 Rolando Barrientez, an Aransas County Sheriff's Deputy, testified at trial regarding
appellant's arrest. On the evening of August 2, 2005, Deputy Barrientez was patrolling the
town of Fulton when he happened upon an intersection where appellant was stopped at
a stop sign. Deputy Barrientez, having the right of way, entered the intersection at the
same time that appellant's pickup truck accelerated and entered the intersection. Deputy
Barrientez took evasive action by slamming on the brakes and swerving to avoid colliding
with appellant's vehicle. The deputy then made a U-turn, activated his patrol car's
overhead lights, and initiated a traffic stop of appellant's vehicle.

 Upon making contact with appellant, Deputy Barrientez noticed the strong odor of
alcohol coming off appellant's person; appellant also had slurred speech and glassy eyes. 
Deputy Barrientez preformed several field-sobriety tests on appellant, which appellant
failed. A state trooper was then called to independently evaluate appellant's condition. 

 Lester Keener, a Department of Public Safety Trooper, arrived at the scene after
Deputy Barrientez requested back up. Trooper Keener testified that when he arrived he
noticed that appellant was leaning against his vehicle, had poor balance and slurred
speech, and had glassy eyes. Trooper Keener also testified that he noticed the odor of an
intoxicating beverage on appellant's breath. Trooper Keener performed several field
sobriety-tests on appellant and felt that he was intoxicated. 

 Trooper Keener arrested appellant for driving while intoxicated, read him his
Miranda warnings, and transported him to the Aransas County Detention Center. Upon
arriving at the detention center, Trooper Keener requested a breath specimen from
appellant and provided him with a statutory warning sheet, which appellant signed. 
Appellant was then twice administered an Intoxilyzer test which showed a blood alcohol
content of 0.233 and 0.236, respectively. 

 Appellant was charged by indictment on November 15, 2005. The indictment
alleged that appellant had been convicted on two previous occasions for driving while
intoxicated. Appellant was represented by counsel when his case was tried before a jury. 
The record contains, among other items, (1) an order revoking appellant's probation for a
conviction for driving while intoxicated rendered on March 27, 1992; and (2) a judgment
accepting appellant's plea of guilty to the offense of driving while intoxicated rendered on
October 12, 2000. The jury convicted appellant for the offense of driving while intoxicated,
as a third degree felony based upon his two prior convictions. Appellant waived
punishment by the jury and was sentenced by the trial court to ten years in prison.

 Appellant filed a pro se motion for new trial and pro se notice of appeal. The trial
court held a hearing on appellant's motion to proceed pro se, at which point the following
exchange occurred:

 THE COURT: Well, first thing I'm going to do is I'm going to
advise you against that - -


 THE DEFENDANT: Yes, sir.


 THE COURT: - - because you're not an attorney. I know that
you've - - I think you've had some experience
with the court systems before, but you're not an
attorney, you're not trained in those matters, and
I think it would be best that you would consider
to [sic] having the Court appoint an attorney to
represent you on appeal.


 You understand you do qualify - - if you cannot
afford to [hire] an attorney to represent you on
an appeal, you qualify to have one appointed to
represent you on appeal?


 THE DEFENDANT: Yes, sir.


 THE COURT: But I have had no request from you to appoint an
attorney. You have indicated that you're going to
represent yourself. Is that your wish in this
case?


 THE DEFENDANT: Yes, sir. I feel confident that I can represent
myself.


 THE COURT: All right. And for the purposes of the record,
what legal training do you have, sir?


 THE DEFENDANT: Just my own studying [of] the law libraries, law
books; that's about it.


 THE COURT: You have never had any formal training?


 THE DEFENDANT: Actually - -


 THE COURT: Have you ever been involved in the appeal of a
criminal action before?


 THE DEFENDANT: Yes, sir.


 THE COURT: Were you represented by an attorney on that
particular action?


 THE DEFENDANT: Yes, sir, against my will.


 THE COURT: All right. Well, I can't make you have me appoint
an attorney to represent you, and I shall not do
that.


 I want to advise you there are certain rules,
procedures, guidelines, and most importantly
when we're talking about appeals there are
deadlines that must be followed.


 THE DEFENDANT: Yes, sir.


 THE COURT: Do you understand that?


 THE DEFENDANT: Yes, sir, I do.


 THE COURT: Do you understand that simply the fact that
you're not a licensed attorney is not going to
excuse you in any way from following all the
proper procedures, guidelines, and time lines
that you are required to follow under the rules?


 THE DEFENDANT: Yes, sir.


 THE COURT: Okay. You will be given, you know, no special
compensation just because you're not a trained
attorney. You understand that?


 THE DEFENDANT: Yes, sir, I do.


 THE COURT: All right. And it is your desire and wish to
represent yourself; is that correct?


 THE DEFENDANT: Yes, sir.


After admonishing appellant about the dangers of proceeding pro se, the trial court granted
appellant's request, and he has proceeded pro se since then. 

 Proceeding pro se, appellant conducted a hearing on his motion for new trial. At the
hearing, testimony was taken from Herbert Floyd, a social acquaintance of appellant,
Deputy Barrientez, Sheriff Mark Gilliam, Assistant District Attorney Michael Hess, and
appellant himself. Floyd testified that he witnessed the appellant's traffic stop and arrest,
but he could not tell if appellant was driving his vehicle at the time of the stop. Gilliam and
Hess testified that they were aware of a federal court action against their respective offices
filed by appellant. Appellant gave self-serving testimony regarding his arrest and the
conduct of his trial counsel. The trial court denied appellant's motion for new trial, and this
appeal ensued. (2) 

II. Discussion

A. Ineffective Assistance of Counsel

 By his first issue, appellant contends that his trial counsel was ineffective because

he: (1) did not file any discovery motions; (2) did not meet with him before trial; (3) did not
cross-examine the law enforcement officials about inconsistent statements that they made
on the stand; and (4) did not move to suppress the Intoxilyzer test results because the
initial stop was made without probable cause. 

 To prevail on a claim of ineffective assistance of counsel, appellant must prove by
a preponderance of the evidence that: (1) counsel's performance fell below the standard
of prevailing professional norms; and (2) there is a reasonable probability that, but for
counsel's deficiency, the result of the trial would have been different. See Strickland v.
Washington, 466 U.S. 668, 687 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999). A reasonable probability is one sufficient to undermine confidence in the
outcome of the proceeding. Thompson, 9 S.W.3d at 812. Allegations of ineffective
assistance of counsel must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Id. at 813.

 Moreover, the court's review of the defense counsel's representation is highly
deferential, and we presume that counsel's action fell within the wide range of reasonable
and professional assistance. Ex parte Chandler, 182 S.W.3d 350, 354 (Tex. Crim. App.
2005); Boone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

1. Discovery Motions

 Appellant first argues that his trial counsel was ineffective because he "did
absolutely nothing to defend or prepare a defense," did not file any discovery motions, and
was not able to obtain the videotape recording of his arrest. The mere failure to file pretrial
motions does not categorically constitute ineffective assistance. Autry v. State, 27 S.W.3d
177, 182 (Tex. App.-San Antonio 2000, pet. ref'd). Unless appellant shows that a pretrial
motion had merit and that a ruling on the motion would have changed the outcome of the
case, counsel will not be found ineffective for failing to assert the motion. Jackson v. State,
973 S.W.2d 954, 957 (Tex. Crim. App. 1998)

 We note that the record establishes that appellant's trial counsel effectively cross-examined Deputy Barrientez and Trooper Keener regarding the events surrounding
appellant's arrest. We further note that the record contains a photocopy of a videotape
recording of appellant's arrest. The appellant has not developed a record showing what
evidence could have been discovered through any motions for discovery. We, therefore,
conclude that appellant has not made any showing of a reasonable probability that the
result of the proceedings would have been different if his trial counsel had filed a discovery
motion. See In re K.M.H., 181 S.W.3d 1, 9-10 (Tex. App.-Houston [14th Dist.] 2005, no
pet.) (stating that record did not reveal whether counsel conducted informal discovery and,
thus, court could "only speculate why counsel did not conduct formal discovery and what
such discovery [would] have revealed"). 

2. Failure to Adequately Prepare a Defense

 Appellant's second ineffective assistance of counsel contention is that his trial
counsel did not meet with him before trial to prepare a defense. The record contains no
evidence, beside appellant's self-serving testimony, of whether or when appellant met with
his attorney, what his attorney told him about the trial, or of appellant's decision to plead
not guilty, to proceed to trial, and to waive his right to have the jury assess punishment. 
Appellant has therefore failed to establish that his attorney's preparation for trial was
deficient. See Thompson, 9 S.W.3d at 813; see, e.g., Ward v. State, No. 04-03-244-CR,
2004 Tex. App. LEXIS 1018, at *2 (Tex. App.-San Antonio Feb. 4, 2004, no pet.) (mem.
op., not designated for publication). 

3. Cross-Examination of Law Enforcement Officials

 Appellant's third ineffective assistance of counsel argument is that his trial counsel
did not effectively cross-examine the law enforcement officials because "the testimony of
Deputy Barrientez is completely fabricated and not true." Appellant also complains that his
trial counsel did not cross-examine the arresting officers about inconsistencies in their
testimony regarding the traffic stop's location.

 We note that appellant's characterization of Deputy Barrientez's testimony as being
"completely fabricated and not true" is supported by only appellant's self-serving testimony
that he adduced at a hearing on his motion for new trial. Otherwise, it is not supported by
the record. See Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)
(providing that an ineffective assistance claim must be "firmly founded in the record," and
the record must affirmatively demonstrate the claim's merit). Furthermore, the record
shows that appellant's trial counsel ably cross-examined the law enforcement officers
called by the State regarding the location of the traffic stop.

4. Motion to Suppress

 Appellant's final ineffective assistance of counsel argument is that his trial counsel
did not file a motion to suppress the traffic stop evidence. Appellant argues that Deputy
Barrientez lied about the events leading up to his arrest. Again, the record does not
support appellant's assault on the veracity of Deputy Barrientez's testimony. Moreover,
a trial counsel's failure to file a motion to suppress is not per se ineffective assistance of
counsel. See Kimmelman v. Morrison, 477 U.S. 365, 384 (1986); Hollis v. State, 219
S.W.3d 446, 456 (Tex. App.-Austin 2007, no pet.). To prevail on an ineffective assistance
claim premised on counsel's failure to file a motion to suppress, appellant must show by
a preponderance of the evidence that the motion to suppress would have been granted. 
Jackson, 973 S.W.2d at 956-57. 

 In order to temporarily detain an individual for investigation, an officer need only
articulate specific facts which, taken together with rational inferences from those facts, give
rise to a reasonable suspicion of criminally related activity. Held v. State, 948 S.W.2d 45,
51 (Tex. App.-Houston [14th Dist.] 1997, pet. ref'd); see also Ferrell v. State, No.
04-05-00652-CR, 2006 Tex. App. LEXIS 8742, 2006 WL 2871287, at *1 (Tex. App.-San
Antonio Oct. 11, 2006, no pet.) (mem. op., not designated for publication). In the present
case, appellant's traffic infraction was more than sufficient to give rise to a reasonable
suspicion of criminally related activity and thereby, justified the initial traffic stop. (3) Held,
948 S.W.2d at 51 . Accordingly, we cannot say trial counsel's decision not to file a motion
to suppress was so deficient and lacking in tactical or strategic decision-making as to
overcome the presumption that trial counsel's conduct was reasonable and professional.
See Saenz v. State, 103 S.W.3d 541, 546 (Tex. App.-San Antonio 2003, pet. ref'd)
(explaining that the failure to object to admissible evidence does not amount to ineffective
assistance). 

 Appellant's first issue is overruled.

B. Prosecutorial Misconduct

 In his second issue, appellant alleges that law enforcement officials in Aransas
County had a vendetta against him, that this vendetta constitutes "prosecutorial
misconduct," and that a federal action that he filed is evidence of the vendetta. Appellant
does not make a single citation to any legal authority for his contention of "prosecutorial
misconduct" and does not cite any portion of the record. Appellant's second issue is
therefore waived. (4) See Tex. R. App. P. 38.1(h). 

C. Constitutionality of the Enhancement Scheme

 By his third issue, appellant complains that the enhancement scheme is
unconstitutional. In order to challenge the constitutionality of a statute, a defendant must 
show that the statute is being unconstitutionally applied to him or her. Cantu v. State, 939
S.W.2d 627, 643 (Tex. Crim. App. 1997). Like his second issue, appellant advances his
third issue without a single citation to any legal authority or to the record. His third issue
is therefore waived as well. See Tex. R. App. P. 38.1(h). 

III. Conclusion

 Having overruled all of appellant's issues, the trial court's judgment is affirmed. (5)


 /s/ ROGELIO VALDEZ 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 29th day of May, 2008.


 


























1. The underlying conviction represents appellant's third conviction for driving while intoxicated. The
offense was therefore enhanced to a third degree felony. Tex. Penal Code Ann. § 49.09(b)(2) (Vernon Supp.
2007).
2. We note that the State did not file a brief in this case.
3. Appellant also argues that his conviction should be overturned because there was no "probable
cause or reasonable suspicion" to initiate the traffic stop. As noted above, this argument fails.
4. We note that the trial court thoroughly admonished the appellant regarding the perils of pro se
representation. Appellant, however, chose to proceed pro se.
5. All pending motions are denied as moot.